﻿Citation Nr: 18115448
Decision Date: 07/02/18 Archive Date: 07/02/18

DOCKET NO. 16-52 128
DATE: July 2, 2018
ORDER
The appeal of service connection for hepatitis B is dismissed.
REMANDED
Entitlement to service connection for osteopenia is remanded.
Entitlement to service connection for a cervical spine disorder, to include as secondary to the service-connected lumbar contusion, myositis, mild lumbar spondylosis (lumbar spine disability), is remanded.
Entitlement to service connection for hearing loss is remanded.
Entitlement to service connection for tinnitus is remanded.
Entitlement to service connection for hepatitis C is remanded.
Entitlement to service connection for left upper extremity radiculopathy and peripheral neuropathy as secondary to the service-connected lumbar spine disability is remanded.
Entitlement to service connection for right upper extremity radiculopathy and peripheral neuropathy as secondary to the service-connected lumbar spine disability is remanded.
Entitlement to service connection for left lower extremity radiculopathy and peripheral neuropathy as secondary to the service-connected lumbar spine disability is remanded.
Entitlement to service connection for right lower extremity radiculopathy and peripheral neuropathy as secondary to the service-connected lumbar spine disability is remanded.
Entitlement to a rating for service-connected lumbar contusion, myositis, and lumbar spondylosis in excess of 20 percent prior to May 17, 2012 and in excess of 40 percent from May 17, 2012.
Entitlement to a total disability rating based on individual unemployability (TDIU).
FINDING OF FACT
On May 22, 2018, prior to the promulgation of a decision in the appeal, the Board received notification from the Veteran’s attorney that a withdrawal of this appeal is requested.
CONCLUSION OF LAW
The criteria for withdrawal of an appeal have been met. 38 U.S.C. § 7105(b)(2), (d)(5) (2014); 38 C.F.R. § 20.204 (2017).
REASONS AND BASES FOR FINDING AND CONCLUSION
The Veteran had active service from October 1972 to December 1975. 
In November 2017, the Board remanded the issue of entitlement to service connection for hepatitis B and hepatitis C. 
In a May 2018 correspondence, the Veteran’s attorney stated that “VA treatment records establish that the Veteran is infected with hepatitis C, not hepatitis B.” (Emphasis in original). The attorney indicated that the Veteran wished to withdraw his claim of entitlement to service connection to hepatitis B.
The Board may dismiss any appeal which fails to allege specific error of fact or law in the determination being appealed. 38 U.S.C. § 7105. An appeal may be withdrawn as to any or all issues involved in the appeal at any time before the Board promulgates a decision. 38 C.F.R. § 20.204. Withdrawal may be made by the appellant or by his or her authorized representative. 38 C.F.R. § 20.204. In the present case, the Veteran’s attorney has withdrawn this appeal and, hence, there remain no allegations of errors of fact or law for appellate consideration. Accordingly, the Board does not have jurisdiction to review the appeal and it is dismissed.
REASONS FOR REMAND
1. Entitlement to service connection for osteopenia is remanded.
2. Entitlement to service connection for a cervical spine disorder, to include as secondary to the service-connected lumbar spine disability, is remanded.
3. Entitlement to service connection for hearing loss is remanded.
4. Entitlement to service connection for tinnitus is remanded.
5. Entitlement to service connection for hepatitis C is remanded.
6. Entitlement to service connection for left upper extremity radiculopathy and peripheral neuropathy as secondary to the service-connected lumbar spine disability is remanded.
7. Entitlement to service connection for right upper extremity radiculopathy and peripheral neuropathy as secondary to the service-connected lumbar spine disability is remanded.
8. Entitlement to service connection for left lower extremity radiculopathy and peripheral neuropathy as secondary to the service-connected lumbar spine disability is remanded.
9. Entitlement to service connection for right lower extremity radiculopathy and peripheral neuropathy as secondary to the service-connected lumbar spine disability is remanded.
10. Entitlement to a rating for service-connected lumbar contusion, myositis, and lumbar spondylosis in excess of 20 percent prior to May 17, 2012 and in excess of 40 percent from May 17, 2012.
In November 2017, the Board remanded these issues for additional development. The RO subsequently obtained all outstanding VA treatment records from July 26, 2016 and requested that the Veteran submit releases for private medical providers. The other requested development was not completed. A remand by the Board confers on the appellant, as a matter of law, the right to compliance with the remand orders. Stegall v. West, 11 Vet. App. 268, 271 (1998). Given that the AOJ failed to follow the Board’s remand instructions, the Board finds no alternative to this further remand. 
11. Entitlement to TDIU is remanded.
In Rice v. Shinseki, 22 Vet. App. 447 (2009), the United States Court of Appeals for Veterans Claims held that a claim for TDIU is part and parcel of an increased rating claim when such claim is raised by the record. In a May 2018 correspondence, the Veteran’s attorney stated that the Veteran’s service-connected lumbar spine disability precludes gainful employment in that he is restricted to his sofa or bed during the day due to pain and the side-effects of pain medication. In light of the Court’s holding in Rice, the Board has considered the TDIU claim as part of his pending increased rating claim. 
The AOJ has not developed or adjudicated the matter of whether the Veteran’s service-connected lumbar spine disability renders him unemployable. Therefore, the TDIU claim must be remanded to the RO for development and adjudication. See Rice, 22 Vet. App. 447.
The matters are REMANDED for the following action:
1. A notice letter pertaining to the TDIU claim should be issued. The Veteran should also be sent a VA Form 21-8940, Veteran’s Application for Increased Compensation Based on Unemployability, for him to complete, with instructions to return the form to the AOJ.
2. Provide the Veteran with the appropriate examination to determine the severity of the service-connected low back disability. The claims file must be made available to and pertinent documents therein reviewed by the examiner. Any indicated tests and studies must be accomplished and all clinical findings must be reported in detail and correlated to a specific diagnosis. An explanation for all opinions expressed must be provided.
The examiner must test the range of the low back in active and passive motion and in weight-bearing and non-weight-bearing. The examiner should also state whether the Veteran’s low back disability has any associated objective neurological abnormalities.
3. Provide the Veteran with the appropriate examination to determine etiology of the cervical spine disorders. The claims file must be made available to and pertinent documents therein reviewed by the examiner. Any indicated tests and studies must be accomplished and all clinical findings must be reported in detail and correlated to a specific diagnosis. An explanation for all opinions expressed must be provided.
(a) The examiner must provide an opinion whether the cervical spine disorders at least as likely as not (50 percent or greater probability) had onset in, or were otherwise related to, active service, to include the in-service motor vehicle accident.
(b) The examiner must also provide an opinion whether it is at least as likely as not (50 percent or greater probability) that the Veteran’s service-connected lumbar spine disability caused any current cervical spine disorder.
(c) The examiner must also opine whether it is at least as likely as not (50 percent or greater probability) that the Veteran has any current cervical spine disability that is aggravated by the service-connected low back disability. 
The examiner must comment on the following: 1) the April 2015 VA examination report; 2) the STRs; and 3) Dr. A’s September 2017 opinion that the Veteran’s cervical spine disability occurred at the time of the in-service motor vehicle accident.
(d) If it is determined that the Veteran has a cervical spine disability that was aggravated by the service-connected lumbar spine disability, the examiner should state whether the Veteran’s cervical spine disability has any associated objective neurological abnormalities (such as upper extremity radiculopathy).
4. Provide the Veteran with an appropriate examination to determine the etiology of his hepatitis C. The entire claims file must be made available to and be reviewed by the examiner. Any indicated tests and studies must be accomplished and all clinical findings must be reported in detail and correlated to a specific diagnosis. An explanation for all opinions expressed must be provided. 
The examiner must provide an opinion regarding whether it is at least as likely as not (50 percent or greater probability) that the hepatitis C had onset in, is otherwise caused by, the Veteran’s military service, to include air gun inoculations and the motor vehicle accident. The examiner must also provide an opinion regarding it is at least as likely as not that hepatitis C had onset within one year of service discharge. 
The examiner should also comment, as appropriate, on Dr. A’s January 2016 opinion that the Veteran’s hepatitis was likely related to multi-injection air gun activity during service and the in-service car accident.
6. Provide the Veteran with an appropriate examination to determine the etiology of his osteopenia. The entire claims file must be made available to and be reviewed by the examiner. Any indicated tests and studies must be accomplished and all clinical findings must be reported in detail and correlated to a specific diagnosis. An explanation for all opinions expressed must be provided. 
The examiner must provide an opinion regarding whether it is at least as likely as not (50 percent or greater probability) that the osteopenia had onset in, or is otherwise caused by, active service. 
The examiner must also provide an opinion regarding whether it is at least as likely as not (50 percent or greater probability) that the osteopenia was caused or aggravated by hepatitis C.
7. Provide the Veteran with an appropriate examination to determine the etiology of his hearing loss and tinnitus. The entire claims file must be made available to and be reviewed by the examiner. Any indicated tests and studies must be accomplished and all clinical findings must be reported in detail and correlated to a specific diagnosis. An explanation for all opinions expressed must be provided. 
First, the examiner must provide an opinion as to whether it is at least as likely as not (50 percent or greater) that bilateral hearing loss had its onset in service or within one year of service discharge, or is etiologically related to the Veteran’s active service.
The examiner must also comment on the following: 1) Dr. A’s September 2017 opinion that the Veteran’s tinnitus was likely secondary to the Veteran’s NSAID use for his service-connected lumbar myositis/spondylosis; and 2) the April 2015 VA examination that provided a negative opinion regarding hearing loss.
Second, the examiner must provide an opinion as to whether it is at least as likely as not (50 percent or greater) that tinnitus had its onset in service or within one year of service discharge, or is etiologically related to the Veteran’s active service.
Third, the examiner must provide an opinion as to whether it is at least as likely as not (50 percent or greater) that tinnitus is caused or aggravated by hearing loss.
 
MICHAEL D. LYON
Veterans Law Judge
Board of Veterans’ Appeals
ATTORNEY FOR THE BOARD R.N. Poulson, Counsel